GREEN, Judge,
delivered the opinion of the court:
The plaintiffs seek to recover $130,742.25 under a special act of Congress. An examination of the act shows that its terms are very broad and sweeping and that Congress intended to give the plaintiffs the right to recover any loss or damage arising out of the extension of the limits of Mount McKinley National Park by an act of Congress not only in the silver fox and trading post businesses but also in any other business or occupation together with any loss or damage sustained by virtue of any acts of any officers or employees of the United States in connection with such extension.
The evidence leaves no doubt that the plaintiffs sustained heavy losses and damages as a result of the extension of the limits of Mount McKinley Park which were unavoidable and also sustained very considerable loss and damage by reason of unwarranted or unnecessary acts of the defendant’s officers or employees in connection with this extension.
*161 Most of the acts complained of are such that ordinarily would afford no basis for a cause of action and some of the acts, especially those of the officers or employees of the Government, were in the nature of torts, but any objection that might arise on account of their nature is precluded by the act of Congress under which the case comes before us. While, as we have said above, there is no doubt that plaintiffs sustained heavy damages, there is little direct evidence upon which the court can base a conclusion as to the amount thereof. A large portion of the evidence is indirect and indefinite by reason of which we are unable to determine just how much damage plaintiffs sustained, but we are able to make a finding in the nature of a jury verdict that plaintiffs at least sustained a certain sum beyond which is merely conjecture, although it may be that plaintiffs’ actual damages are somewhat larger.
As an example of the nature of much of the evidence, we might cite the fact that the testimony shows that plaintiffs had invested at least $14,600 for location of site, erection of buildings, purchase of stock, tools, and equipment. All this was lost as a result of the extension of the Park limits, but the mere fact that this property cost'the plaintiffs that sum is not sufficient to show that they sustained that amount of loss. It is, however, a circumstance that bears upon the question of the value of this property.
It should be further said that practically all the testimony with reference to value of the animals was given by one of the plaintiffs who was undoubtedly highly skilled in the business of raising silver foxes, as evidenced by the premiums he had taken, his studies, and his long -experience. His testimony on this subject is in the nature of opinion evidence given by an expert and the court is not bound thereby but may take into consideration any other evidence in the case that bears on the question of value. The testimony on behalf of plaintiffs also showed that the value of their personal services during the time they were accumulating and perfecting their breeding stock was $54,000, but the larger portion of this must have gone' into the value of the foxes and have been merged therein and some of it into living *162 expenses. The same is true with reference to their expenditures for feeding and breeding the foxes, which the testimony showed amounted to a large sum. Silver foxes differ much in value according to the fur produced, their breeding qualities, and other matters. The special skill of the plaintiff evidenced, as stated above, enabled him to develop a herd of foxes worth much more than the average of such animals which was especially valuable for breeding purposes.
The plaintiffs’ cause of action as set out in the petition contains some items of loss or damage which' are only indirectly the result of the extension of the Park limits, and we do not think it was the intention of Congress that there should be any recovery therefor. From all the facts and circumstances bearing on the matters which under the act may form a basis of recovery we have concluded that the loss and damage sustained by plaintiffs, less the amount received for pelts after the business of plaintiffs was discontinued, is $50,000 and judgment will be entered accordingly.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.